UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEMETRECE R. WELCH,

           Petitioner,           Case No. 1:23-cv-10419

v.           Honorable Thomas L. Ludington
           United States District Judge

NOAH NAGY,

           Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DENYING PETITIONER'S MOTIONS AS MOOT, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

In February 2023, Demetrece R. Welch, a Michigan prisoner, filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. He alleges that pervasive and ongoing dangerous conditions at Michigan Department of Corrections (MDOC) facilities render his continued incarceration unconstitutional. *See generally id.* Currently before this Court is Respondent's Motion to Dismiss Welch's Petition, ECF No. 8, as well as two additional motions filed by Welch, ECF Nos. 6; 10. As explained below, Respondent's Motion to Dismiss will be granted, Welch's Petition will be dismissed without prejudice, and his other motions will be denied as moot. Additionally, Welch will be denied a certificate of appealability and leave to appeal *in forma pauperis*.

**I.**

In 2019, Petitioner Demetrece Welch pleaded guilty to one count of attempt to do great bodily harm less than murder, MICH. COMP. LAWS § 750.84, one count of attempting to disarm a police officer, MICH. COMP. LAWS § 750.92, and one count of being a habitual offender, MICH. COMP. LAWS § 769.12. ECF No. 9-4 at PageID.171. On April 10, 2019, he was sentenced to 6–20

years of imprisonment *Id.*

In February 2023, Petitioner filed a Petition seeking immediate release from prison[1] because of COVID-19, prison overcrowding, increased violence in the prison, inadequate access to health care, and what he alleges is a poorly maintained prison facility. *See* ECF No. 1. Petitioner alleged that all these conditions created a substantial risk of death. *Id.*

Seven months later, Respondent Noah Nagy filed a motion to dismiss, asserting Petitioner's Petition should be dismissed for three reasons. ECF No. 8. First, because it is untimely. *Id.* at PageID.76–87. Second, because it challenges the conditions of Petitioner's confinement rather than the *fact of* his confinement, thus should have been filed under 42 U.S.C. § 1983. *Id.* at PageID.72–73. Finally, Respondent argues that even if Petitioner's claims are properly raised in a habeas petition, he has not exhausted his state-court remedies or established entitlement to relief. *Id.* at PageID.87–92. Petitioner did not file a response to Respondent's Motion, but instead notified this Court that he "rel[ies] on his [previously filed] memorandum in support of his habeas petition." ECF No. 11 at PageID.187.

**II.**

Respondent first argues the Petition is untimely under 28 U.S.C. § 2244(d) because it was filed more than one year after Petitioner's conviction became final. ECF No. 8 at PageID.76–87. But this argument misses the mark. Importantly, Petitioner is not challenging the judgment under which he is in custody under 28 U.S.C. § 2254, but instead the *manner* in which his sentence is being carried out under 28 U.S.C. § 2241. In this way, Respondent's statute-of-limitations defense

---

[1] At the time he filed his Petition, Petitioner was confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan. *See* ECF No. 1 at PageID.1. But shortly thereafter, he was moved to the Parnall Correctional Facility in Jackson, Michigan, where is currently confined. *See* ECF No. 4.

is without merit.

Next, Respondent argues that instead of filing a habeas petition, Petitioner should have sought relief under 42 U.S.C. § 1983. *See* ECF No. 8 at PageID.72–73. Not so. True, "conditions of confinement claims seeking relief in the form of improvement of prison conditions or transfer to another facility are not properly brought under § 2241." *Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020). But Petitioner does not seek this relief. Instead, he seeks release from MDOC custody, arguing that the conditions are so "dangerous and life-threatening," that "there are no set of conditions to remedy [the alleged] constitutional violations." ECF No. 1 at PageID.11. Such relief is properly pursued under § 2241. *See Wilson v. Williams*, 961 F.3d 829, 838–39 (6th Cir. 2020) (finding petitioners seeking *release* from BOP custody based on prison conditions properly pursued claims under § 2241). Accordingly, Respondent's second argument lacks merit, as well.

Finally, Respondent argues that the Petition should be dismissed because Petitioner has not exhausted his claims in state court. *See* ECF No. 8 at PageID.87–92. A state prisoner must exhaust available state court remedies before seeking relief in federal court under § 2241. *Gregory v. Nagy*, No. 22-1470, 2022 WL 17258434, at *1 (6th Cir. Nov. 3, 2022) (citing *Winburn v. Nagy*, 956 F.3d 909, 913 (6th Cir. 2020); *Phillips v. Ct. of Common Pleas*, 668 F.3d 804, 810 (6th Cir. 2012)). The exhaustion requirement is satisfied when a prisoner "'appeal[s] an adverse decision all the way to the state's court of last resort.'" *Gregory*, 2022 WL 17258434 at *1 (quoting *Phillips*, 668 F.3d at 810). The petitioner bears the burden to prove exhaustion. *Rust v. Zant*, 17 F.3d 155, 160 (6th Cir. 1994).

Petitioner does not allege that he exhausted his claims before filing the Petition. Instead, he argues that no avenue is available for him to raise these claims in state court. *See* ECF No. 1 at PageID.2. But the Sixth Circuit has required exhaustion in similar circumstances. *See, e.g.*,

*Gregory v. Nagy*, No. 22-1470, 2022 WL 17258434, at *1 (6th Cir. Nov. 3, 2022) (denying a certificate of appealability from the district court's dismissal of state prisoner's § 2241 petition for failure to exhaust claim that he should be released because of the COVID-19 pandemic); *Whitley v. Horton*, No. 20-1866, 2020 WL 8771472 (6th Cir. Dec. 11, 2020) (same).

And, importantly, "the Michigan Supreme Court has recognized that releasing a prisoner from confinement is an appropriate remedy where prison conditions are unconstitutional." *Smith v. Jackson*, No. 20-2264, 2021 WL 2555478, at *2 (6th Cir. June 3, 2021) (citing *Phillips*, 668 F.3d at 810); *see also Kent Cty. Prosecutor v. Kent Cty. Sheriff*, 409 N.W.2d 202, 208 (Mich. 1987) ("No one now doubts the authority of courts to order the release of prisoners confined under conditions violating their Eighth and Fourteenth Amendment rights."); *Money v. Pritzker*, 2020 WL 1820660, *21 (N.D. Ill. April 10, 2020) (holding that exhaustion requirement was not satisfied because petitioners had "not made a satisfactory showing that the state court system was not every bit as available as the federal courts, if not more so [to resolve emergency COVID-19 motion]"). Moreover, Michigan courts consider the COVID-19 pandemic and the need to mitigate the virus's spread when making pretrial and post-conviction confinement decisions. *See People v. Chandler*, 941 N.W.2d 920 (Mich. 2020) (holding that courts must consider "the public health factors arising out of the present public health emergency to mitigate the spread of COVID-19" when making pretrial detention decisions); *People v. Calloway*, No. 349870, 2020 WL 4382790, at *4 (Mich. Ct. App. July 30, 2020) (holding that the requirement set forth in *Chandler* applies to convicted prisoners). In this way, Petitioner may seek his requested relief through Michigan courts, so his Petition will be dismissed without prejudice because he has not yet satisfied the exhaustion requirement. Accordingly, his two pending motions will be denied as moot.

### III.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253; *see also see also Winburn v. Nagy*, 956 F.3d 909, 912 (6th Cir. 2020) (clarifying a certificate of appealability is required "for all state-prisoner habeas appeals."). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation and quoting citation omitted).

In this case, reasonable jurists would not debate this Court's conclusion that Petitioner has not yet exhausted his state-court remedies. Therefore, a certificate of appealability will be denied. Petitioner will also be denied leave to appeal *in forma pauperis* because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a) (3).

### IV.

Accordingly, it is **ORDERED** that Respondent's Motion to Dismiss, ECF No. 8, is **GRANTED**.

Further, it is **ORDERED** that Petitioner's Petition for a Writ of Habeas Corpus, ECF No. 1, is **DENIED WITHOUT PREJUDICE**.

Further, it is **ORDERED** that Petitioner's Motion for Discovery, ECF No. 6, is **DENIED AS MOOT**.

Further, it is **ORDERED** that Petitioner's Motion for Immediate Enlargement upon Bail Pending Resolution of Habeas Petition, ECF No. 10, is **DENIED AS MOOT**.

Further, it is **ORDERED** that a certificate of appealability is **DENIED**.

Further, it is **ORDERED** that Petitioner is **DENIED** leave to appeal *in forma pauperis*.

**This is a final order and closes the above-captioned case.**

Dated: March 14, 2024                                    s/Thomas L. Ludington
                                                                              THOMAS L. LUDINGTON
                                                                              United States District Judge